# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-233** |
| **v.** | * | **SECTION: "T" (1)** |
| **WESLEY TYRON BISHOP** | * | **JUDGE GUIDRY** |
| | * * * | |

## <u>FACTUAL BASIS</u>

The defendant, **WESLEY TYRON BISHOP**, has agreed to plead guilty to the one-count bill of information charging him with making a false statement to the executive branch of the government of the United States, in violation of Title 18, United States Code, Section 1001. Both the government and the defendant do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty. The government and the defendant further stipulate that, should this case have gone to trial, the government would have proven, through the introduction of competent testimony and reliable documentary and other evidence, the following facts, beyond a reasonable doubt.

At all times relevant herein, the United States Department of Housing and Urban Development ("HUD"), an agency within the executive branch of the Government of the United States, funded the Louisiana Road Home Program's Small Rental Property Program ("SRPP") through the HUD Community Development Block Grant ("CDBG") Program. HUD created rules and regulations governing disbursement of funds and exercised supervision and control over the

- 1 -



AUSA
Defendant
Defense Counsel

funds and their ultimate use, and the Louisiana Office of Community Development ("OCD") and SRPP administered these HUD funds.

In order to ensure the availability of affordable housing for low income residents, the SRPP provided "Incentive Payments" to owners of small rental properties. These Incentive Payments were designed to help the owner restore his damaged units caused by Hurricane Katrina and its aftermath; however, these payments came with express conditions, including that the recipient/owner rent those units to income-eligible tenants, who had to be approved for income eligibility by the Road Home Program. Furthermore, to be eligible, a landlord needed to have an approved tenant residing in each unit prior to receiving an award. Landlords who fully complied with the program for a set period of years were permitted to keep their awards without making any repayment. However, if a landlord failed to comply with the program's requirements, pursuant to the Incentive Payment Agreement, the Incentive Payment was converted to a non-recourse loan.

On June 28, 2012, the defendant **WESLEY TYRON BISHOP** executed a SRPP Incentive Payment Agreement ("Incentive Payment Agreement"), which was designated File No. 2007735 and which represented an agreed upon incentive payment of $188,000.00 to **BISHOP**. The June 28, 2012, Incentive Payment Agreement related to a multi-unit apartment building, bearing municipal address 10841 Roger Drive, New Orleans, Louisiana ("Property"), which **BISHOP** owned at all material times. Pursuant to the Incentive Payment Agreement, on June 28, 2012, **BISHOP** received a check in the amount of $185,972.16, which was made payable to **WESLEY TYRON BISHOP**. On June 29, 2012, **BISHOP** deposited the check, which represented $188,000.00 of the Incentive Payment Agreement, less the $2,027.84 in closing costs.

AUSA
Defendant
Defense Counsel


In 2013 and 2014, SRPP did not receive evidence to demonstrate compliance with the Incentive Payment Agreement. Therefore, on August 19, 2016, still not having received evidence that **BISHOP** was in compliance with the agreement, SRPP sent **BISHOP** a letter of "Phase II Non-Compliance," alerting him that his file had been sent to legal review for recommended action.

On February 3, 2017, Portia Johnson, Attorney for the Louisiana Division of Administration, sent **BISHOP** e-mails outlining the documents that **BISHOP** needed to provide "in order to become compliant with the program and earn forgivability credit for all years since initial review."

On April 20, 2017, Portia Johnson sent **BISHOP** a third e-mail, noting **BISHOP's** lack of responsive documents. Ms. Johnson advised **BISHOP** that the documents had to be "received by Friday, April 28, 2017." Ms. Johnson further advised **BISHOP**, "The property has been deemed non-compliant since June 2014." Finally, she noted that, if **BISHOP** failed to furnish satisfactory documents by the established deadline, "a notice of default will be sent."

On August 2, 2017, **BISHOP** sent an e-mail with an attachment to Portia Johnson, Which Bishop knew contained materially false representations that were designed to avoid the threatened invocation of the repayment provisions of the Incentive Payment Agreement. Specifically, the attachment was a six (6) page scanned PDF consisted of Lease Rollover Certification Forms. In the August 2, 2017, e-mail, **BISHOP** represented: "Documentation for apartments a, b, c and d. Explanation letter coming under separate cover to provide further details." **BISHOP** knew that his representations were false and material, and he intended for them to mislead HUD.

The Government would further establish the material falsity of **BISHOP's** written representations in August 2, 2017, demonstrating that the designated individuals listed in the forms

- 3 -


AUSA
Defendant
Defense Counsel

did not live at the Property during the time period at issue. The Government would further establish that, during the time period at issue, the Property was vacant and uninhabitable.

When he accepted the award, **BISHOP** acknowledged that he could be legally required to repay the award should he fail to abide by its conditions. **BISHOP** failed to abide by the conditions of the agreement; however, rather than risk repayment, he knowingly submitted a materially false statement. **BISHOP** knew that if he had truthfully represented the condition/occupancy of the Property, he could have been obligated to repay the full amount of the Incentive Payment.

**APPROVED AND ACCEPTED**:

| | | |
|---|---|---|
| HARRY ROSENBERG | Date | ANDRE LAGARDE | Date |

WESLEY TYRON BISHOP     Date

AUSA

Defendant

Defense Counsel