UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 19-233 |
| WESLEY TYRON BISHOP | SECTION: T |

**ORDER AND REASONS**

In this matter, Wesley Tyron Bishop filed a written objection to the garnishee's answer, claiming various exemptions to the Writ of Garnishment, and requested a hearing thereon. R. Doc. 54. The Federal Debt Collection Procedures Act (FDCPA) provides that "[w]ithin 20 days after receipt of the [garnishee's] answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5). The Court granted Mr. Bishop's request for a hearing (R. Doc. 55), which was conducted on August 5, 2026. *See* R. Doc. 61. The Court then took the matter under advisement. *Id.* For the reasons set forth below, the Court will overrule the objection.

The Restitution Act allows the United States to enforce a judgment that imposes a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f). One such procedure is a writ of garnishment under the FDCPA. 28 U.S.C. § 3205(b)(1). The FDCPA empowers the court to issue a writ of garnishment "against property (including nonexempt disposable earnings) in

which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

In response to the Government's Writ of Garnishment, Mr. Bishop invoked a claim for the following three exemptions: 1) wearing apparel and schoolbooks; 2) fuel, provisions, furniture and personal effects; and 3) judgments for support of minor children. R. Doc. 54. The Government in its response, R. Doc. 56, explained that it was not seeking to garnish any of the items listed in Mr. Bishop's claim for exemptions. The Government noted that 18 U.S.C. § 6334(8) only gives priority to child support orders entered prior to the date of levy, i.e., before the date of the restitution judgment. *Id.*, p. 4 (citing *inter alia United States v. Koeln*, 729 F.Supp.3d. 900 (E.D. Missouri April 11, 2024)).[1] The Government pointed out that the garnishee's answer here did not indicate deductions from his wages for the support of minor children and that he had failed to provide evidence to the contrary. Furthermore, the Government asserted, Mr. Bishop did not list any child support order or judgment against him in the pre-sentence report prior to the entry of judgment in this case. Thus, the Government argued, the exemption for judgment for support of minor children was inapplicable to the garnishment of his wages.

At the hearing, Mr. Bishop essentially conceded there had been no support order in place

[1] In *United States v. Corso*, 2016 WL 3349213 at *4 (D.Conn. June. 14, 2016), the court concluded the restitution order prevailed over a child support order where the child support order was obtained long after the restitution order.

prior to the imposition of restitution. However, the Government noted at the hearing that Mr. Bishop would not be precluded from the opportunity of showing there had been a change in his circumstances. At any rate, on the present showing before the Court, Mr. Bishop failed to satisfy his burden under § 3205(c)(5) of proving the validity of his objections and his claims for exemptions from the garnishment. *See United States v. Johnson*, 2009 WL 1033773, *4 (E.D. La. April 15, 2009) ("[T]he party seeking to quash the garnishment order bears the burden to show that an exemption to garnishment applies.").

Accordingly,

**IT IS ORDERED** that the objection is OVERRULED and DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 17th day of November 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE